**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2043
_____

UNITED STATES OF AMERICA

v.

IRVIN BETHEA,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-90-cr-00328-004)
District Judge: Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 15, 2023
_____

Before: CHAGARES, *Chief Judge*, MATEY and FUENTES, *Circuit Judges*.

(Filed  December 8, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Irvin Bethea challenges the District Court's denial of his motion for compassionate release. But the District Court did not abuse its discretion, so we will affirm.

## I.

For years, and before he turned twenty, Bethea helped lead the "E-Port Posse," App. 5, a violent gang that distributed large quantities of narcotics. In 1991, Bethea was charged with a host of crimes, including participating in a Racketeering Influenced Corrupt Organization (RICO) conspiracy and racketeering acts including, most prominently, two acts of murder. A jury found Bethea guilty on all counts but did not find the United States proved the murders charged as racketeering.

A Presentence Report recommended a total offense level of 39, calculated using the predicate racketeering acts of which Bethea was convicted—two narcotics offenses— yielding a Guidelines range of 324 to 405 months' imprisonment. The United States objected and sought a base offense level of 43 arguing the evidence at trial proved, by a preponderance of the evidence, that Bethea committed the murder of Mutah Sessoms.[1] The District Court agreed and raised the base offense level to 43 noting, in the alternative, that an upward variance was appropriate because physical injury and death resulted from Bethea's involvement in the gang, the murder of Sessoms was "brutal, degrading, sadistic, and gratuitous," and Bethea failed to show remorse or acceptance of

---

[1] At the time, the Guidelines mandated a sentence of life imprisonment for a total offense level of 43 or higher.

responsibility for the killing. App. 109. Bethea was sentenced to life imprisonment for the RICO conspiracy and racketeering convictions, to run concurrently with a sentence of 360 months' imprisonment for the narcotics offenses.

Following an unsuccessful appeal and collateral challenges, Bethea sought compassionate release under 18 U.S.C. § 3582(c)(1)(A). The District Court denied Bethea's motion, and Bethea now appeals.[2]

**II.**

We review the District Court's denial of Bethea's motion for compassionate release for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). Accordingly, "we will not disturb the District Court's decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (alteration in original) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

A motion under 18 U.S.C. § 3582(c)(1)(A) may be granted if the court finds that compassionate release is "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *Andrews*, 12 F.4th at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include "the nature and circumstances of the offense and

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(A)–(C).

Bethea argues that the District Court abused its discretion by disregarding 1) his youth and immaturity at the time of his crimes; 2) the severity of his sentence relative to his co-defendants and similarly situated offenders; and 3) the disparity in his sentence against the current advisory Sentencing Guidelines.[3] We disagree.

First, "although . . . age and rehabilitation could both be viewed as extraordinary, those reasons by themselves [are] insufficiently compelling to warrant a reduced sentence." *Andrews*, 12 F.4th at 262. The District Court considered Bethea's age but noted his offenses occurred over nearly three years, and into his adulthood, while he supervised and controlled gang members. While Bethea disagrees with the importance of these acts, the District Court was not required "to make a point-by-point rebuttal of [Bethea's] arguments" to show that it considered his arguments. *Concepcion v. United States*, 597 U.S. 481, 502 (2022). Rather, "[a]ll that is required is for a district court to

---

[3] Bethea concedes that a motion for compassionate release would be an improper avenue for challenging his sentence. *Cf. Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.").

demonstrate that it has considered the arguments," *id.*, so there was no abuse of discretion.

Next, the District Court distinguished Bethea's acts from those of other offenders, noting the "particularly gruesome, premeditated murder" factored into Bethea's sentence. App. 20. And Bethea's life sentence created no disparity because the sentencing court considered "the nature and circumstances" of his offenses and his "history and characteristics." 18 U.S.C. § 3553(a)(1).

Finally, Bethea contends that a sentencing court today would be unlikely to impose a life sentence under the current advisory Guidelines. But the sentencing court made clear that, even if it did not consider the Sessoms murder in calculating Bethea's offense level, it would have exercised its discretion to depart upwards from the Guidelines range to sentence Bethea to life imprisonment. The District Court properly declined to revisit that discretionary decision.

* * *

For these reasons, we will affirm the District Court's order.